IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUBURN REGIONAL MEDICAL CENTER )<br>)<br>  *et al.,*                              )<br>)<br>     Plaintiffs                        )<br>)<br>          v.                           )<br>                                        )<br>MICHAEL O. LEAVITT,                     )<br>)<br>     Defendant                         )<br>_____)| Civil Action No. 1:07-2075-JDB<br>Judge Bates |

DEFENDANT'S UNOPPOSED MOTION FOR STAY OF
PROCEEDINGS PENDING DECISION IN RELATED CASE

Defendant hereby moves that further proceedings in this case, including but not limited to defendant's time to file a Rule 12 response to the Complaint, be stayed pending the decision of this Court on cross-motions for summary judgment in the related case, *Baystate Medical Center v. Leavitt*, Civil Action No. 1:06-cv-01263. Under this proposal, the next event in this case, the filing of an answer, motion to dismiss, or other Rule 12 response, would be set to 30 days following this Court's ruling in *Baystate*.

Plaintiffs' counsel (Mr. Roth) advised the undersigned (Mr. Kennedy) that plaintiffs believe that such a stay would serve the interests of judicial economy and, therefore, do not oppose this request. However, the grounds for the request and the description of the case set forth in the memorandum filed herewith are solely those of the defendant.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney


/s/ Brian G. Kennedy
SHEILA M. LIEBER
BRIAN G. KENNEDY (D.C. Bar No. 228726)
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Tel.: (202) 514-3357
Fax: (202) 616-8470
Email: Brian.Kennedy@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUBURN REGIONAL MEDICAL CENTER )<br>)<br>*et al.*,                                        )<br>)<br>Plaintiffs                              )<br>)<br>v.                                           )<br>)<br>MICHAEL O. LEAVITT,            )<br>)<br>Defendant                           )<br>_____) | Civil Action No. 1:07-2075-JDB<br>Judge Bates |

MEMORANDUM IN SUPPORT OF DEFENDANT'S
UNOPPOSED MOTION FOR STAY OF PROCEEDINGS PENDING
<u>PENDING DECISION IN RELATED CASE</u>

<u>STATEMENT</u>

The interests of judicial economy will, on balance, be served by a stay of proceedings in this case pending this Court's decision on cross-motions for summary judgment in a related case, *Baystate Medical Center v. Leavitt*, Civil Action No. 1:06-cv-01263 (D.D.C.) (argued Feb. 14, 2008).

The plaintiff hospitals in this case argue that their SSI fractions for fiscal years 1987 to (in most cases) 1994 should be recalculated. Complaint ¶¶ 4-11. The hospitals contend that the basis for such recalculations are "flaws in the SSI Percentage identified in [the] *Baystate*" Provider Reimbursement Review Board ("PRRB") Decision. *Id.* at 16 (heading). They further contend both that the agency knew of these alleged flaws for many years, *id.* ¶ 38, and that the plaintiff hospitals

did not know about these alleged flaws until the PRRB decision in *Baystate* was issued, *id.* ¶ 56.

The hospitals in this case argued before the PRRB that the deadlines for filing administrative appeals for the years in question should have been equitably tolled. *Id.* ¶ 54. The PRRB found that it lacked jurisdiction over the appeals because they were not timely filed. Exhibit A to Complaint. The Administrator declined to review that decision. Complaint ¶ 58.

Cross-motions for summary judgment on the merits in the *Baystate* case were argued before this Court on February 14.

## ARGUMENT

There is a close relationship between this case and *Baystate*. Indeed, the claims in this case expressly piggyback on the claims made in *Baystate*. Whether or not this case should be stayed in light of *Baystate* is not and was not immediately obvious. When defendant moved to extend the time to file a Rule 12 response (granted until March 3), we reported based on conversations with plaintiffs that both parties were "discussing whether it would be in the interest of judicial economy for proceedings in this case to be stayed or deferred pending resolution of *Baystate*." Subsequently, defendant (and, we are informed, plaintiffs) have concluded that, on balance, a stay pending this Court's decision in *Baystate* will serve the interests of judicial economy.

We recognize, of course, that the two cases are not identical. *Baystate* is before this Court on the merits. In this case, the PRRB rejected the hospitals' claim

on jurisdictional grounds that (in defendant's view, at least) would be correct regardless of what this Court decides on the merits in *Baystate*. However, defendant recognizes that the Court's merits decision in *Baystate* may as a practical matter affect whether, or the extent to which, the *Auburn* plaintiffs choose to continue to pursue the case.

Even with respect to jurisdiction, aspects of this Court's decision in *Baystate* may inform or narrow the issues in *Auburn*. In particular, the *Auburn* plaintiffs contend that the agency knew about and made false and misleading statements about the alleged flaws in the process at an early date (though not so early as 1987) based on the arguments made by Baystate. Complaint ¶¶ 38-39. Defendant's briefs in *Baystate* dispute that very point. Def. Leavitt's *Baystate* Sum. Judg. Mem. at 37-44; Def. Leavitt's *Baystate* Sum. Judg. Reply Mem. at 22-24. Of course, in our view, the PRRB would lack jurisdiction over these belated claims even if the agency had known of the alleged flaws at an early date, and perhaps plaintiffs will contend that the Complaint's allegations of such knowledge are surplusage and that their claims would be timely even if the agency had not known of the alleged flaws. But the necessity of briefing those issues may be avoided altogether, and would certainly be informed, by any resolution of those points that the Court's decision in *Baystate* may reach.

We also recognize that the Court may be concerned that a stay may occasion delay. We assume that plaintiffs (who claim they are owed money they would presumably like to have sooner rather than later) are also concerned about delay.

-3-

Defendant, for his part, has already rejected plaintiffs' claims as untimely and, given the concerns with stale evidence that in part underlie most statutes of limitations, is obviously concerned that acquiescing in, let alone (as here) moving for, a stay of further proceedings may seem to devalue that concern. However, again on balance, the possibility that the Court's decision in *Baystate* may obviate the need for, or at least inform, what may well be complicated briefing in this case on the jurisdictional issues outweighs the modest additional delay of a stay that will likely be of short duration compared to the delay that has already incurred (if this case actually does end up requiring an inquiry into what the agency or hospitals knew or didn't know in 1987, memories are likely already stale).

## CONCLUSION

For the reasons stated above, defendant's motion for stay of proceedings pending decision in related case should be granted.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

/s/ Brian G. Kennedy
SHEILA M. LIEBER
BRIAN G. KENNEDY (D.C. Bar No. 228726)
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Tel.:  (202) 514-3357
Fax:  (202) 616-8470
Email:  Brian.Kennedy@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUBURN REGIONAL MEDICAL CENTER *et al.*, <br><br> Plaintiffs <br><br> v. <br><br> MICHAEL O. LEAVITT, <br><br> Defendant | Civil Action No. 1:07-2075-JDB <br> Judge Bates |

ORDER

This matter having come before the Court on defendant's unopposed motion for stay of proceedings pending decision in related case, and the Court, being fully advised in the premises and concluding that such motion should be granted, it is HEREBY ORDERED that defendant's unopposed motion for stay of proceedings pending decision in related case be and hereby is GRANTED. Further proceedings in this action are stayed pending this Court's decision on cross-motions for summary judgment in *Baystate Medical Center v. Leavitt*, No. 1:01-cv-1263. Defendants' time to file an answer, motion to dismiss, or other Rule 12 response to the Complaint is extended until the 30th day following this Court's decision on cross-motions for summary judgment in *Baystate Medical Center v. Leavitt*, No. 1:01-cv-1263.

_____
United States District Judge

Date: _____